UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SANTOS CUEVAS,

                    Petitioner,

v.

GOVERNOR OF IDAHO,

                    Respondent.

Case No. 1:26-cv-00167-DCN

**INITIAL REVIEW ORDER**

Petitioner Santos Cuevas, a prisoner in the custody of the Oregon Department of Corrections, has filed a Petition for Writ of Habeas Corpus in this Court under 28 U.S.C. § 2254. *See* Dkt. 1. Petitioner challenges a 2011 conviction in Oregon state court. *Id*. at 1.

The Court now reviews the Petition to determine whether it is subject to summary dismissal under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

**REVIEW OF PETITION**

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it

INITIAL REVIEW ORDER - 1

is subject to dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

**2.    Discussion**

The Petition appears subject to summary dismissal for two reasons. First, Petitioner has not named an appropriate respondent. Under Habeas Rule 2(a), the proper respondent in a habeas corpus action is the "officer who has custody" of the petitioner. In most cases, this officer is "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The named Respondent, the Governor of Idaho, does not have custody of Petitioner and, therefore, is not an appropriate respondent.

Second, habeas relief "may be granted by … the district courts … *within their respective jurisdictions*." 28 U.S.C. § 2241(a) (emphasis added)). That is, a "habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian." *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495–99 (1973)).

Because Petitioner is incarcerated in Oregon as a result of an Oregon state conviction, the Court lacks personal jurisdiction over Petitioner. Though the Court might have personal jurisdiction over the Governor of Idaho, the Court has already explained that the governor is not a proper respondent. Therefore, it appears that the District of Idaho is not the appropriate forum for Petitioner to litigate this habeas corpus matter.

The Court will grant Petitioner 28 days to file an amended petition. Any such amended petition must address the Court's analysis and set forth any reason why Petitioner

INITIAL REVIEW ORDER - 2

believes this case should not be summarily dismissed.

## ORDER

**IT IS ORDERED** that, within 28 days after entry of this Order, Petitioner must file an amended petition as set forth above. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be dismissed without further notice.

DATED: June 18, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER - 3